## BANQUE FRANCAISE DE SYRIE v. PROVIDENCE-WASHINGTON INS. CO., OF PROVIDENCE, R. I.

District Court, S. D. New York. July 14, 1927.

**New trial ⟨⇒100—Evidence in criminal case, not developed at time of trial, held ground for new trial in action on insurance policy.**

In an action on a policy of insurance covering a shipment of alcohol, where verdict for defendant was rendered on the ground that the shipment was lost through the criminal barratry of the master and mariners, a new trial would be granted for evidence developed in a trial of the criminal case, tending to show that what was done with the alcohol was done with consent of the owner; such evidence not being known at time of the trial.

At Law. Action by the Banque Francaise de Syrie against the Providence-Washington Insurance Company, of Providence, R. I. On plaintiff's motion for new trial. Granted.

Murray Bein, of New York City, for plaintiff.

Bigham, Englar & Jones, of New York City (Arthur W. Clement and Edward J. Keane, both of New York City, of counsel), for defendant.

THACHER, District Judge. In view of the evidence disclosed upon the trial of the indictment against Gilbert and others, including the Globe Line, for conspiracy to land in the United States the shipment of alcohol covered by the policy of insurance upon which this action was brought, I think the motion for a new trial should be granted. The verdict was rendered solely upon the ground that the shipment was lost through the "criminal barratry of the master and mariners," and the jury was instructed that there could be no recovery if what was done with the alcohol was done with the consent of the owner of the ship. The testimony given upon the criminal trial satisfied the jury beyond a reasonable doubt that the owner of

the vessel, the Globe Line, conspired with Gilbert to remove the alcohol from the ship, and I fail to see how rational men could have reached a contrary conclusion. This testimony was not available to the defendant. Its counsel knew of the pendency of the criminal prosecution, approached the United States attorney in order to obtain evidence of the acquiescence or participation of the Globe Line in the act of landing the shipment, and through his assistants was advised that no such information would be furnished.

At the time of the trial of this case, the evidence adduced on the trial of the criminal case was not available to the plaintiff, and was in fact unknown. It is said that, having been refused access to such information as was in the possession of the United States attorney, application should have been made for a postponement of the trial pending the trial of the criminal case; but, if such an application had been made, counsel would have been unable to give the court any assurance that any evidence material upon the issues in this case would be available after the trial of the criminal case. Under these circumstances, I do not think that defendant should be charged with fault in not applying for an adjournment. The case would have been different if the evidence had been known, or through the exercise of diligent efforts could have been ascertained. The newly discovered evidence being of such a character as to leave little, if any, doubt of participation in the transaction by the owner of the vessel, the ends of justice seem to me to require its consideration upon a new trial, since the owner's participation will defeat recovery under the barratry clause, which is the only clause upon which liability has been predicated.

Motion for new trial granted.